In the matter of the estate of James Hembury, deceased.  Motion for an appraisement to widow.  Granted.

Thomas C. Pilsworth, for executor.

Steele, De Friese & Frothingham, for Agnes Hembury.

Arthur A. Michell, for Elizabeth Wakefield, Mary Ann Lees, and Frank Hembury.

Motion granted.

<hr>

(37 Misc. Rep. 455.)

### In re DAVENPORT.

(Surrogate's Court, Kings County.  March, 1902.)

DESCENT—PRESUMPTION OF DEATH.

Where a person disappeared in 1873 in an unexplained manner, there is no presumption of his death until seven years after his disappearance; and the representatives of a married sister who died in 1876 without issue, and whose husband subsequently died, have no interest in the estate of the person who disappeared, against his sole surviving brother and next of kin.

In the matter of the settlement of William B. Davenport, public administrator, as administrator of John Herr.  Decree rendered.

Frederick H. Chase, for William B. Davenport, public administrator.

Nicholas Dietz, Jr., for George Herr.

CHURCH, S.  The public administrator, as administrator of John Herr, presents his account for judicial settlement.  He was appointed on proof showing that the deceased was absent from his domicile for a period of 25 years, without any intimation as to his whereabouts during said period; the court holding that these facts warranted the presumption of his death.  The deceased had never married.  His only next of kin at the time he disappeared, in 1873,

was a brother, George Herr, and a sister, Dora Hatling. The sister died in October, 1876, leaving no children, but a husband, who subsequently died. The question which now arises is whether John Herr died before or after his sister Dora Hatling, as, if he died before then, Dora Hatling's representatives are entitled to share in his estate, while, if. he died subsequent, then his brother, George Herr, is entitled to the whole estate. As there is no proof on the matter whatever, is there any presumption as to the time of death? In the cases where death is presumed from absence, there are many times circumstances which warrant the court in fixing the period of death. A frequent illustration of this is where the party who has disappeared has gone on a sea voyage, and the vessel has never been heard from. In the following cases such facts existed: In re Ketcham's Estate (Sur.) 5 N. Y. Supp. 566; In re Ackerman, 2 Redf. Sur. 521; Sheldon v. Ferris, 45 Barb. 124; Oppenheim v. Wolf, 3 Sandf. Ch. 571; Gerry v. Post, 13 How. Prac. 118; Merritt v. Thompson, 1 Hilt. 550; King v. Paddock, 18 Johns. 141; McCartee v. Camel, 1 Barb. Ch. 455. The principle of these cases, of course, does not apply where, as in the case at bar, there is no evidence except the unexplained absence of the deceased. In Eagle v. Emmet, 4 Bradf. Sur. 117, the question of the presumption of the time of death was discussed at great length, the final conclusion being as follows:

"If no sufficient facts are shown from which to draw a reasonable inference that death occurred before the lapse of seven years, the person will be accounted, in all legal proceedings, as having lived during that period."

The Eagle Case has been followed in Seligman v. Sonneborn, 1 How. Prac. (N. S.) 465, and In re Sullivan, 51 Hun, 379, 4 N. Y. Supp. 59. It seems to me that the decision of the Eagle Case is correct, as, if the court is not warranted in presuming death in the case of mere absence, until seven years have elapsed, for the purpose of issuing letters, how can the court, on the same facts, when letters are issued, presume death at any earlier period?

I therefore decide that the presumption is that John Herr did not die until seven years after he disappeared, and that therefore his sister, Dora Hatling, died before him.

In deciding this case, I wish to particularly commend counsel for the respective parties for the very excellent briefs which they have submitted. I think the habit of study and care which these young men have exhibited will bring its sure return in success in their career.

Decreed accordingly.