(42 Misc. Rep. 331.)

### CULHANE v. FITZGIBBONS et al.

(Supreme Court, Special Term, Kings County. January, 1904.)

1. WILLS—CONSTRUCTION—DEVISE IN FEE.

Where testator, after bequeathing a particular lot of land and certain money in trust for his son until he arrived at majority, failed to devise him the fee, but provided in another clause of his will that if his son died without lawful issue before majority all the property "which is hereby bequeathed to him" shall go to the trustee individually, or her heirs, there is an implied devise of the fee of the land to the son on his arriving at majority.

Action by Mary Culhane against Mary Fitzgibbons and others for an admeasurement of dower. Judgment for plaintiff.

Mary Bond died seized of the land and leaving three children, Anne E., Thomas F. and John J. By the third, fourth and fifth clauses of her will she disposed of the said land and other property as follows:

"Third—I give and bequeath to my daughter Anne E. Bond, in trust for Thomas F. Bond until he shall have attained the age of twenty one years, a certain lot of land" [which is described].

"Fourth—I give and bequeath to my said daughter Anne E. Bond, in trust for my said son Thomas F. Bond, until he shall have attained the age of twenty one years all the money which stands to my credit as trustee for said Thomas F. Bond, in Pass Book No. 155,540 of" [a bank which is named].

"Fifth—In case of the death of my said son Thomas F. Bond, without leaving lawful issue before he attains the age of twenty one years, then I desire that all the property real and personal which is hereby bequeathed to him, shall go to my said daughter Anne E. Bond or her heirs for her or their sole use and benefit."

Thomas F. Bond was already of age when his mother, the testator, died. The will appointed Anne E. Bond executor, and as such she conveyed the said lot to him; but no power of sale was given by the will.

Thomas F. Bond left the said lot to Anne E. Bond by will, and she conveyed it to Mary Culhane, who left it by will to Michael Culhane, the plaintiff's deceased husband.

The infant children of John J. Bond, now deceased and intestate, viz., the defendants Anne Bond and Matthew Bond, claim that one third of the said lot vested in fee in their said father on the death of the said testator Mary Bond for lack of a devise of the fee.

Elisha W. McGuire, for plaintiff.
Jacob Brenner, for adult defendants.
Albert R. Moore, guardian, for infant defendants.

GAYNOR, J. The question is whether by the will of Mary Bond the title to the lot became vested in fee in Thomas F. Bond, or whether, on the contrary, there was a failure to devise the fee, in which case it descended to the three children of the testator (Anne E., John J. and Thomas F.), in which case the two infant children of John J. Bond, who has died intestate, are the owners in fee of his undivided one third.

By the third clause the lot is devised to the daughter Anne E. Bond "in trust for Thomas F. Bond until he shall have attained the age of twenty one years;" by the fourth there is an identical bequest in trust of money; and by the fifth it is provided that "In case of the death of my said son Thomas F. Bond without having lawful issue before he attains the age of twenty one years, then I desire that all the property real and personal which is hereby bequeathed to him, shall go to my said daughter Anne E. Bond or her heirs for her or their sole use and benefit."

There is here no devise or bequest in terms to Thomas F. Bond, but only to Anne E. Bond in trust for him until he comes twenty one. There is therefore no devise to him of the fee of the lot unless by implication. Such implication arises twice from the words of the fifth clause that if he die without issue before reaching twenty one, then all property real and personal, "which is hereby bequeathed to him" shall go to the daughter Anne.

Jarman lays it down that a devise in trust for A until he comes of age, and if he should die before, then over, is a devise in fee to A on coming twenty one (volume 1, c. 27, p. 515); and also that if a testator refer to a disposition as made in his will, which in fact is not in terms made, the intention to make such disposition will, as a rule, be sufficiently indicated to be effectual (Id. p. 493). And the phrase in the fifth clause, "which is hereby bequeathed to him," in respect of real and personal property, sufficiently indicates the testator's intention to have been to devise the lot in fee to Thomas F. Bond if he should live to be twenty one.

Let judgment be entered accordingly.