## In re SMITH'S ESTATE.

(Surrogate's Court, New York County. May 17, 1912.)

1. DEATH (§ 2*)—PRESUMPTIONS.

The presumption of death should be made only in a direct proceeding, and confined to a presumption of the death of an intestate whose estate is to be administered, and should not be extended collaterally to the presumption of the death of one of his next of kin.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

2. DEATH (§ 2*)—PRESUMPTION FROM ABSENCE OR DISAPPEARANCE.

The death of a person is to be presumed from a mere disappearance when he is never again heard of by those, if any, who would naturally hear of him, and where more than seven years have elapsed since his disappearance, whether a departure to foreign parts is shown or not.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

3. DEATH (§ 2*)—PRESUMPTION—ADMISSIBILITY OF EVIDENCE.

That a woman was of dissipated habits and in poor and feeble health before her disappearance, and stated that she was ill and about to go to a hospital, are facts to be considered in applying the presumption of death after her absence, unheard of, for seven years.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

4. DEATH (§ 2*)—PRESUMPTION OF DEATH FROM DISAPPEARANCE OR ABSENCE.

A single woman of dissipated habits and in very poor and feeble health, who then stated that she was ill and about to go to a hospital, disappeared, and for 16 or 17 years was not heard of by any friend or relative. A search of the hospital records and advertisement by the public administrator and a search for her by public and private authority was without result. Held, that there was a presumption of her death.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

5. DESCENT AND DISTRIBUTION (§ 71*)—HEIRSHIP—PRESUMPTIONS.

Where the death of an unmarried and childless woman is presumed from her disappearance without being heard of for more than seven years, the presumption is that she died unmarried and childless.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 229–236; Dec. Dig. § 71.*]

6. DEATH (§ 2*)—PRESUMPTION—TIME OF DEATH.

The presumption of death after an established disappearance for seven years relates only to the fact of death, and does not involve the date of death which, whenever it is material, must be the subject of proof.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

Application for letters of administration upon the estate of Julia Smith. Letters of administration ordered to issue.

George M. Welch, for petitioner.

FOWLER, S. This is a direct application upon an allegation of death for letters of administration upon the estate of Julia Smith,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

who disappeared many years since and never again has been heard from. Citation has been duly served by publication, pursuant to an order of this court.

[1] In the Matter of John Matthews, 136 N. Y. Supp. 636, the surrogate declined to presume the death of Julia Smith, one of the next of kin of John Matthews, on the ground that such a presumption should be made only in a direct proceeding, and that it should be confined to the death of an intestate whose estate is to be administered. Such is the rule in other like jurisdictions which are charged with the administration of estates of intestates. In the Goods of Amelia Clark, 1889, 15 P. D. 10. The same rule, it is conceived, is as applicable here, as a matter of correct procedure, as it is elsewhere. But, if it is not strictly binding here, it is certainly a convenient and orderly rule of procedure, calculated to save the rights of third persons, and conclusive to the protection of parties who may be interested in the administration sought. A direct proceeding necessitates a bond as security for due and orderly administration and distribution in conformity with the statute regulating the administration of the estates of intestates. It protects the surrogate, and it presents the question of death in a direct proceeding in rem after a citation published, and with all the binding force and efficiency which attaches to a direct proceeding in rem. If the presumption of death is applied collaterally, the person thus presumed dead is simply passed over. No bond is required of those who take his inheritance, and his estate is distributed without reference to his rights, if any. This does not strike me as orderly or proper procedure in this court. See Matter of John Matthews, 136 N. Y. Supp. 636.

Upon the return of the citation duly issued in this proceeding, the matter was regularly brought on for hearing before me and proofs were taken in the orderly course. In the Matter of Matthews, the surrogate declined to consider the content and application of the presumption of death of Julia Smith, as the issue was conceived to be not then properly or adequately before the surrogate in that proceeding to administer the estate of John Matthews. On several occasions where an estate has been divided after a collateral presumption of death, the person presumed dead has appeared to find his inheritance squandered by the next of kin who received it. I shall try to prevent this in this court if it can be done, and, if it cannot, the responsibility will not be upon the surrogate. ·

In Matter of Matthews I distinctly stated that the content of the presumption of death was not then before me, and that I would not then consider it at large.

[2] In this proceeding it is before me, and it must be considered. It is stated by a careful writer on the law of evidence (Jones, § 61) that in this country the presumption of death has been applied only to those who were absent from their home, and see Eagle v. Emmet, 4 Bradf. Sur. 117, 122; Hyde Park v. Canton, 130 Mass. 505. Even Prof. Thayer says in several places that the presumption assumes absence not heard from (Thayer, Prelim. Treat. Ev. pp. 319, 348),

although not in another (Id. 542). See McKelvey on Ev. p. 86. A comment by an English author is more discriminating. · He states:

"It is frequently said that this presumption of death only arises where the person in question goes abroad and is not heard of for seven years."

See note to Cockle Lead. Cas. Ev. (2d Ed.) 24. But in Nepean v. Doe, 2 M. & W. 894, 46 R. R., 789, in 1837, Lord Denman stated the presumption generally:

"That a person who is not heard of for seven years, by those who would be likely to hear of him, if living, is dead."

Considering this case, Mr. Cockle remarks:

"The presumption of death must be stronger where the person has not gone abroad, as he is in such case more likely to be heard of, and the absence of news of him would still more strongly suggest his death."

Jones on Evidence, in summing up the cases, English and American, on the presumption, states the presumption, I observe, in the terms of Lord Denman (Jones, Ev. § 61), although his context relates only to a presumption applied to a continuous absence from home, founded on a known departure. But there is really no discrepancy between the juridical theories contrasted by text-writers in their several statements of the presumption of death. One version of the presumption turns on a continuous disappearance, and the other is predicated of a departure, with intent to depart, and a continuous absence for more than seven years, unheard of by those who would naturally hear. Lord Denman's statement of the presumption in question is that now generally accepted in England. Prudential Co. v Edmonds, 2 App. Cas. 487. But there was nothing new in Lord Denman's statement, for in one of the early cases where this presumption was applied (Doe & George v. Jesson, 6 East, 80) Lord Chief Justice Ellenborough had said:

"As to the period when the brother might be supposed to have died according to the statute (19 Car. II, c. 6), with respect to leases dependent on lives, and also, according to the statute of bigamy (1 Jac. I, c. 11), the presumption of the duration of life, *with respect to persons of whom no account can be given, ends at the expiration of seven years from the time when they were last known to be living.*"

The presumption of death is a very modern presumption. Prof. Thayer traces the rise and the development of the rule into a presumption de jure. Prelim. Treat. on Ev. 319, 324. Stephen in his Digest of the Law of Evidence (art. 99) finally gives the presumption in the more modern version, and he lays no stress on a departure from home and a continuous absence abroad:

"A person shown not to have been heard of for seven years by those (if any) who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death."

Such is Mr. Justice Stephen's version. The cases when compared, and it is to the cases we must look, do not disclose a discrepancy as it seems to me, but the application of the presumption to different states of fact. In some of them absence from home, unheard of by

those likely to hear, is a material element of the presumption. In others, disappearance is the predominating element of the presumption. The truth is that when one departs from home, and is never again heard of by those, if any, who would most naturally hear, the presumption is applied, unless circumstances shown make it inapplicable. So when one disappears, mysteriously, without cause, and is never again heard of by friends or relatives, if any, who would naturally hear, the presumption applies even without proof of departure to foreign parts, unless circumstances rebut the presumption.

In the state of New York the adjudications seem to conform to modern common-law rule on this point. They support the presumption of death from a mere disappearance when the person so disappearing is never again heard of by those, if any, who would naturally hear of him, and more than seven years has elapsed since the disappearance was established. Eagle v. Emmet, 4 Bradf. Sur. 117, 120; Karstens v. Karstens, 20 Misc. Rep. 247, 45 N. Y. Supp. 966; Matter of Davenport, 37 Misc. Rep. 455, 75 N. Y. Supp. 934; Matter of Wagener, 143 App. Div. 286, 287, 128 N. Y. Supp. 164.

[3, 4] In this matter the petitioner has established that Julia Smith, once a resident of this city, was 16 years ago a single woman of dissipated habit, and in very poor and. feeble health when last seen in the place of her abode. She was so last seen some 16 or perhaps 17 years ago in this city. She then stated that she was ill and about to go to a hospital. From that time to this Julia Smith has never been heard of by any friend or relation. The public administrator has caused public advertisement and an elaborate search to be made for her, with no result. That Julia Smith was poor and miserable, in very feeble health, and of dissipated habit when she disappeared are facts to be considered in the application of the presumption of death from a sudden disappearance after seven years have elapsed. Stouvenel v. Stephens, 2 Daly, 319; Cambreling v. Purton, 12 N. Y. Supp. 741.[1] In this matter it appears from the evidence that due search has been made for Julia Smith by public and private authority, and that the hospital records have been searched in vain. Her disappearance was abrupt, and for 16 years or more it has been complete and uninterrupted. It would therefore seem that this is a case where the presumption of death may be applied. The fact that the public records do not disclose the death of Julia Smith is not conclusive. Her name may have been wrongly given or taken by the authorities. She was almost a vagrant in a great city, where such disappearances are not unprecedented. She probably now rests among the nameless dead, those unfortunates who leave no record behind.

[5] At the time of her disappearance Julia Smith was unmarried and childless, and the presumption of fact is that she died unmarried and childless in the absence of any contrary proofs. Doe d. Banning v. Griffin, 15 East, 293; McComb v. Wright, 5 Johns. Ch. 263; Karstens v. Karstens, 20 Misc. Rep. 247, 251, 45 N. Y. Supp. 966.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 58 Hun, 610.

[6] The application of the presumption of death after an established disappearance for more than seven years does not necessarily involve the exact date of death. The presumption of death relates only to the fact of death, and as said in Nepean v. Doe, 2 M. & W. 894, 4 Wigmore, Ev. § 2531, 1 Phil. Ev. 640, whenever it is material the time of death must be the subject of distinct proof. Nepean v. Doe; Jones, Ev. § 62, and cases cited. Cf. Matter of Davenport, 37 Misc. Rep. 456, 75 N. Y. Supp. 934. But this particular point is not here, and I will not consider it.

· It seems to the surrogate that the evidence given in this proceeding is sufficient to establish, in the absence of any proofs to the contrary, that Julia Smith is dead.

The letters of administration will issue as prayed upon the giving of a bond in the usual form in double the amount of the estate. Decree accordingly.