In the Matter of the Estate of BERTRAND H. BILLMAN, Deceased.

Surrogate's Court, Westchester County, March 2, 1932.

*Twyeffort & DuBois* [*Frederick H. Berges, Jr.*, of counsel], for the executors.

*Henry R. Barrett* [*Henry R. Barrett, Jr.*, of counsel], for Matilda S. Billman, widow.

*Metcalfe & Branch* [*Daniel E. Fitzpatrick* of counsel], for Fred R. Billman, a beneficiary.

SLATER, S. This is a proceeding to obtain a judicial construction of the 3d paragraph of the will of the decedent. The 1st paragraph of the will directs the payment of debts and funeral expenses. The 2d paragraph gives the home in White Plains to the wife. The 3d paragraph reads as follows:

*" Third.* I give, devise and bequeath to my Trustees hereinafter named all the rest, residue and remainder of my property both real and personal and wherever situated, in trust nevertheless, for the following uses and purposes:

" To divide said corpus into three unequal parts, each part to constitute a separate and distinct trust, to receive the income on each part and, after paying necessary expenses chargeable against same, to pay over the entire net income to the persons hereinafter named opposite the part of the entire corpus which shall constitute the trust for his or her benefit;

" 1/8 part for the benefit of my father, W. H. Billman.

" 1/8 part for the benefit of my brother, Fred R. Billman.

" 3/4 parts for the benefit of my wife."

The 4th paragraph appoints executors and trustees and gives them power of sale.

The question submitted is what interest the beneficiaries take under the 3d paragraph, whether an estate in trust is created for them for duration of their lives, or whether the gift is in fee.

It is a rule of law that a general gift of income arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself. (*Patterson* v. *Ellis*, 11 Wend. 259; *Hatch* v. *Bassett*, 52 N. Y. 359; *Matter of Goldmark*, 186 App. Div. 447; *Cammann* v. *Bailey*, 210 N. Y. 19; *Matter of Allen*, 111 Misc. 93, 125; affd., 202 App. Div. 810; affd., 236 N. Y. 503; *Matter of Harris*, 138 Misc. 287, 289.)

The court will apply this principle to the facts of the instant case. I hold that, by the 3d paragraph of the will, the testator vested in the beneficiaries named therein the capital of the estate in the proportions named in said paragraph, and that the gift of income becomes a gift of the property itself.

Submit decree in accordance with this opinion and decision.