In the Matter of the Estate of ALICE J. WHITMORE, Deceased.

Surrogate's Court, Westchester County, March 30, 1933.

*Clark, Sickels & Barton,* for the petitioner.

*I. Maurice Wormser,* special guardian.

SLATER, S.   Alice J. Whitmore made her will October 5, 1927, at which time she had a husband and two infant daughters, Editha Janet Whitmore and Caroline Carter Whitmore.   The decedent died on November 28, 1932, and her will was admitted to probate in this court on December 19, 1932.   At the time of her death the eldest daughter, Editha, was slightly over the age of twenty-one years, and Caroline was seventeen years of age.

The will directs the payment of debts and expenses and transfer taxes upon gifts.   It further gives a legacy to the husband, legacies of specific articles to relatives, and provides for the disposition of household property to the children.

Under paragraph sixth of the will, a trust in one-half of the residue of the estate 's created in favor of one of the two daughters, Editha Janet, as follows: income to Editha Janet Whitmore until she arrives at the age of thirty-five years; second,. if Editha Janet Whitmore should predecease the testatrix, the principal of the trust estate to be paid to Editha's surviving children, if any; *third,* if Editha should die before arriving at the age of thirty-five years, the principal of the trust to be paid over to Editha's surviving children, if any.   If there be no children surviving, the trust fund

is to be held by the trustee as an addition to the trust fund created in favor of the other daughter, Caroline.

Under paragraph seventh of the will, a similar trust is created in favor of the daughter Caroline Carter Whitmore, simply substituting Caroline for Editha. This paragraph provides that, if Caroline should predecease the testatrix, or if Caroline should die before reaching the age of thirty-five, and if, in either contingency, Caroline should leave no children her surviving, and if Editha shall have arrived at the age of thirty-five, then and in that event the trust set aside for Caroline shall be given to Editha directly in fee.

It will be noted that Editha is five years older than her sister Caroline.

Because of the omissions in the will, this construction proceeding becomes necessary. The will *fails* to provide for the following contingencies:

(1) Where Editha survives the testatrix and also arrives at the age of thirty-five years, no provision is made in paragraph sixth as to the corpus of the trust created for the benefit of Editha;

(2) Where Caroline survives the testatrix and also arrives at the age of thirty-five years, no provision is made in paragraph seventh as to the corpus of the trust created for the benefit of Caroline.

The question is presented, did the testatrix die intestate as to the respective trust funds in the event of either or both of her daughters surviving the decedent, and upon their attaining the age of thirty-five years, or did Editha and Caroline take outright the respective trusts upon each attaining the age of thirty-five years?

Because of the omissions in the will, it may be said that the will at best is inartistically drawn. The primary rule for the construction of a will is to seek the intent of the testatrix as derived from a consideration of all of its provisions. The language as used in the will has its ordinary meaning, but we are here presented with the difficulty that it lacks language to carry into full effect what was evidently in the mind of the testatrix. Upon a careful study of the entire will, the intention of the testatrix is made clear to the court, and the rules of judicial interpretation will be resorted to in giving the effect to the intent of the decedent. (*Eidt* v. *Eidt*, 203 N. Y. 325, 328; *Matter of Buechner*, 226 id. 440, 444.)

I conclude that it was the obvious intent of the testatrix that her daughters, Editha and Caroline, upon arriving at the age of thirty-five years, it may be said mature years — because, when the will was drawn, the two children were only in their teens — should

receive outright their respective shares of the trusts set up in paragraphs sixth and seventh of the will.

A careful reading of the entire will indicates:

1. A general testamentary scheme on the part of the testatrix that the two children should receive the corpus of the trust upon their attaining the age of thirty-five years.

The testatrix also leaves to each of the daughters the sum of $10,000 and the will states: " If either of my said daughters should die without leaving children surviving her, then the daughter who survives me shall take all the above mentioned personal effects, together with the money legacies to my said daughters, totaling Twenty Thousand Dollars."

Here we find survivorship prevailing. The daughters were to get all in the end. However, each in her own right was by way of survivorship. Under paragraph seventh the testatrix desired Editha, if she should have arrived at the age of thirty-five, to take outright the corpus of Caroline's trust fund in the event that Caroline predeceased the testatrix without leaving any child her surviving; or, in the event that Caroline died before arriving at the age of thirty-five, without children her surviving.

Can we reasonably say that the testatrix wished Editha to take under such a remote contingency and yet did not wish Editha to take the corpus of the trust fund created in paragraph sixth for her own benefit in the event that she survived the testatrix and arrived at the age of thirty-five years?

In my opinion, it would be a very far-fetched conclusion to say that the testatrix did not intend to give the corpus of these two trust funds to the two children if they survived at the age of thirty-five years. The only purpose of the establishment of the two trust funds for the benefit of the two daughters was to insure to them the freedom of the use of the corpus at an age when the testatrix supposed that they would be able to care for it and safeguard it from improvident use. The testatrix only postponed the unencumbered enjoyment of the corpus of the fund until the daughters should reach the age of thirty-five years.

This conclusion is further buttressed by paragraph eighth of the will. Here, the testatrix provides for the contingency where both her children die before reaching the age of thirty-five years without leaving any children them surviving, by declaring that the " entire residuary estate shall be disposed of according to the manner in which my daughter who lives the longer may direct and appoint by her last will and testament." The testatrix leaves the power to dispose of the property to the longest lived of the two daughters upon the happening of certain events. This inevitably leads to

the conclusion that the decedent intended to have each of her daughters take the corpus of the respective trust funds upon reaching the age of thirty-five years.

From this paragraph of the will there may be reasonably implied a bequest to the children outright if either or both do not die before arriving at the age of thirty-five years.

2. The execution of the will raises a presumption against intestacy, especially as here where we have a residuary clause.

In the event that it were not the intent of the testatrix that the children should receive the respective trust funds, there would be an intestacy as to the corpus of the trust fund upon each arriving at the age of thirty-five years. These gifts to the children are a substantial part of the estate and, if the testatrix had contemplated intestacy, why did she take the trouble of making a will? The apparent intent and the general scheme of the testatrix as indicated by the will lead one to the conclusion that she intended to dispose of all her property by will. (*Roe* v. *Vingut*, 117 N. Y. 204, 212; *Haug* v. *Schumacher*, 166 id. 506, 513.)

In cases where the language of the will has been unexact or inartistic, the courts frequently have transposed words and even have left out or *inserted* provisions in order to effectuate the intent that is with reasonable certainty to be gathered from the context of the whole instrument. It is not unreasonable to *insert* into this will the implied language to the effect that, if either Editha or Caroline arrive at the age of thirty-five years, she should take outright the corpus of the trust set up for her benefit. The court is not reforming the will or rewriting the will, but giving an equitable, just and almost obvious interpretation to a will poorly worded. (*Matter of Trott*, 137 Misc. 785; *DuBois* v. *Ray*, 35 N. Y. 162, 172; *Phillips* v. *Davies*, 92 id. 199, 204; *Masterson* v. *Townshend*, 123 id. 458, 462; *Leggett* v. *Stevens*, 185 id. 70, 77; *Close* v. *Farmers' L. & T. Co.*, 195 id. 92, 100; *Hughes* v. *Stoutenburgh*, 168 App. Div. 512, 517; *Culhane* v. *Fitzgibbons*, 42 Misc. 331, 332; *Matter of Douglass*, 120 id. 193.)

The plain and definite purposes of the will are endangered by inept and inaccurate modes of expression and, in consequence, it becomes the duty of the court to subordinate the inadequate shortcomings of the language to the plainly manifested intent. Though exact and precise language may be missing, to use the apt words of CARDOZO, J., in *Wood* v. *Duff-Gordon* (222 N. Y. 88, 91) " yet the whole writing may be ' instinct with an obligation,' imperfectly expressed."

A construction avoiding intestacy would be consistent with the intent of the testatrix. The presumption against intestacy is

especially applicable where there is a residuary clause of the will. Such a clause shows a very strong indication that no intestacy was intended by the deceased. (*Matter of Miner,* 146 N. Y. 121, 131.) The presumption against intestacy is very strong and is applied in all cases. (*West* v. *West,* 215 App. Div. 285.) So anxious is the law to avoid intestacy that, where the language of a residuary clause is ambiguous, the courts will give it a broad rather than a restrictive interpretation so as to include such legacies. (*Wright* v. *Wright,* 225 N. Y. 329, 340; *Matter of Cole,* 235 id. 48, 56.)

3. Again, a general gift of income, making no mention of the principal, is ordinarily equivalent to a general gift of the property itself.

The will of the deceased gives to the two daughters the enjoyment of the income of the trust fund until they arrive at the age of thirty-five years. Provision is made for the disposition of the corpus of each trust in certain contingencies, but no disposition is made thereof in the event that Editha and Caroline arrive at the said age. This principle is set out in *Hatch* v. *Bassett* (52 N. Y. 359, 362); *Matter of Allen* (111 Misc. 93, 125; affd., 202 App. Div. 810; affd., 236 N. Y. 503; *Matter of Billman* (142 Misc. 877).

Upon the whole, it was the evident intent of the testatrix that her daughters, Editha and Caroline, should take outright the corpus of the respective trusts upon reaching the age of thirty-five years, which trusts were created for their benefit, the income from which each was to enjoy until she reached that named age. It is impossible to resist the conclusion from the provisions of the will that it was the manifest intent of the testatrix to give to her infant daughters the entire residuary estate, each, not only to enjoy the income from the trust funds set aside, but also to receive outright the corpus of said trusts created for their respective benefits upon attaining the age of thirty-five years. This court will so hold and direct the decree of construction according to the tenor of this opinion.