## JOHN T. HANRAHAN, EXTR. AND TRUSTEE
*vs.*
## ANNIE CORRIGAN, ET AL.

Superior Court          Fairfield County          File No. 54551

MEMORANDUM FILED MARCH 18, 1939.

*Walsh & Buckley,* of Stamford, for the Plaintiff.

*Dana S. Hawthorne,* of New Canaan, for the Defendants.

MUNGER, J.   The parties to this action seek a construc-tion of the will of Bridget Corrigan.   She died on February 19, 1934.   Her last will and testament executed on September 8, 1925, contained the following residuary clause:   "I give, devise and bequeath all my estate, both real and personal, of whatever kind and wheresoever situate, unto JOHN T. HAN-RAHAN, of Stamford, Connecticut, in trust, nevertheless, to invest and re-invest the same, and to pay the net income thereof to my brother, PATRICK CORRIGAN, County Tyrone, Ireland, during the term of his natural life, and upon his death I direct that one-half of said net income be paid to my niece, ANNIE CORRIGAN, of the Town of Tintenaugh, County of Londonberry, Ireland, until she shall become Thirty-two (32) years of age, and one-half of said income to my nephew, JOHN CORRIGAN, of Stamford, Fairfield County, Connec-ticut, until he shall become Thirty (30) years of age.   Should my said niece predecease me, or die before reaching the age of thirty-two years, leaving issue then one-half of the principal of said trust fund shall go to said issue absolutely and forever. Should my said niece predecease me, or die before reaching the age of thirty-two (32) years, without leaving issue, then the entire income from said trust fund shall be paid to my said nephew, JOHN CORRIGAN, until he reaches the age of thirty (30) years, when said trust fund shall cease and term-inate, and the corpus of said trust shall be turned over to the said JOHN CORRIGAN, by my said Trustee.   Should my said nephew JOHN CORRIGAN predecease me, or die before reaching the age of thirty (30) years, leaving issue, then one-half of the principal of said trust fund shall go to said issue absolutely and forever.   Should my said nephew JOHN COR-RIGAN predecease me, or die before reaching the age of thirty (30) years, without leaving issue, then the entire income from said trust fund shall be paid to my said niece, ANNIE COR-RIGAN, until she reaches the age of thirty-two (32) years, when said trust fund shall cease and terminate, and the corpus of said trust shall be turned over to her by my said Trustee."

The parties are in no disagreement as to the construction of the will with the exception of the doubt which has arisen in regard to the bequest to John Corrigan.   When the will was made Annie Corrigan, mentioned in the residuary clause, was

nearly 24 years old and John Corrigan, the nephew, was 19 years old, having been born December 6, 1905.

Since the parties are in entire agreement as to the construction posed by questions 1, 2, 3 and 4 of the complaint, it is unnecessary to elaborate upon any issue raised by these questions. It is sufficient to say that there is abundant authority for the construction of the will which avoids intestacy and which permits or requires the estate to be distributed so far as Annie Corrigan is concerned, as the parties agree. *Weed vs. Scofield,* 73 Conn. 670; *Burr vs. Tierney,* 99 id. 647.

A disposition to avoid a construction which will produce intestacy, in addition to the cases cited above, is found in a multitude of other authorities.

As supporting the construction of the will allowing Annie Corrigan to take one-half of the corpus when she becomes thirty-two years of age and John Corrigan taking the other half when he becomes thirty years of age, there is to be noted also an abundance of authorities. *Grant vs. Stimpson,* 79 Conn. 617; *Houghton vs. Brantingham,* 86 id. 630; *Birge vs. Nucomb,* 93 id. 69; *Bristol vs. Bristol,* 53 id. 242; *Matter of Whitmore,* 147 Misc. 129, 263 N.Y.S. 413.

It seems plain that the bequest to Annie Corrigan is not defeated by reason of the fact that she became thirty-two years old before the death of the testatrix. *Hartshorne vs. Central Union Trust Co.,* 103 N.J.E. 111.

As before stated, no party to this action dissents from this construction of the will.

The uncertainty now arises from the circumstances in connection with the bequest to John Corrigan.

This legatee, a nephew of the testatrix, has been absent and unheard of for more than seven years and on August 1, 1938, the Probate Court for the District of Stamford found this fact and upon application pursuant to the statute, the defendant administrator was appointed by the probate court to administer his estate.

What is to be done with the bequest in favor of John Corrigan? The difficulty would seem to be more apparent than real. What difficulty there is arises from the fact that a true construction of the will must depend upon the date when John

Corrigan died, that is to say, we must ascertain when he became legally dead since there has been no evidence of his actual death. It is clear that the date of his death is not to be taken as that upon which administration on his estate was granted by the probate court. That is to say, we are not to take it as a fact that John Corrigan, the nephew, died on this date, which was August 1, 1938, or to speak more accurately, that he became and was found legally dead upon this date. If he died before the testatrix or before he reached the age of thirty years it is expressly provided in the will that if he left issue "then one-half of the principal of said trust fund shall go to said issue absolutely and forever."

If he died before the testatrix or before reaching the age of thirty years without leaving issue then the legatee, Annie Corrigan, who is now more than thirty-two years of age, is entitled to receive the corpus of the trust fund which had been bequeathed to John.

After a former hearing of this case the court suggested that an attempt be made to establish the date of the disappearance of John Corrigan and thereafter evidence was taken in the form of a deposition which was given by the plaintiff executor. From this evidence it appears that in 1926 John Corrigan, the nephew, was living at Stamford with his aunt, Bridget Corrigan, the testatrix. He had no other relatives in Stamford or Connecticut. In 1926 he left Stamford and has not since been heard from. It must be conceded that the evidence of these facts is sketchy but it is nevertheless evidence and it is all the evidence there is upon which the court can act. It would doubtless not be sufficient in an action on contract as the basis for a finding that John Corrigan was legally dead since there does not appear to have been any diligent investigation of the circumstances of his disappearance. I think, however, it is sufficient for the establishment of the fact in an action of this nature. Our court has pointed out the difference between a finding of legal death sufficient to support the grant of letters of administration under the statute and a presumption of death to be drawn from the common-law rule. *Potter vs. Prudential Ins. Co.,* 108 Conn. 271, 276.

The evidence upon which the court of probate based its finding that John Corrigan had been absent and unheard of for more than seven years and therefore there was such a presumption of death as to justify the grant of administration does

not appear, but no one of the parties to this action questions the action of the court of probate and it is in full effect and so far as appears no appeal has been taken. It is to be repeated, however, that in this action this court must in some way determine the date of his legal death. His home was with his aunt in Stamford. His disappearance proceeded from that place. A reasonable construction of the deposition would seem to justify and require a finding that the date of the disappearance of John Corrigan was sometime in the year 1926. Even if we assume that it occurred upon the last day of the year, if the time at which he became legally dead is to be computed from the date of his disappearance, which would be December 31, 1926, it is apparent that after seven years from that date he would be legally dead, which would be on December 31, 1933. It is clear, therefore, upon this state of facts that he did predecease the testatrix who did not die until February 19, 1934.

Applying, therefore, the same construction to the bequest to John Corrigan that has been adopted in the bequest to Annie Corrigan, we have the fact that John has predeceased the testatrix and only one of two things is to be done. If he left issue as before stated then one-half of the principal of the trust fund is to go to such issue. If he did not leave issue then it is to go to Annie Corrigan.

It does not appear whether there is any other estate of John Corrigan to be administered by the defendant administrator, but it is clear upon the facts found and the construction adopted, that by virtue of this will the administrator takes nothing. This results from the fact that the will is explicit in its terms as to the disposition of the trust fund if John Corrigan dies before the testatrix leaving issue. The bequest then vests in his issue and the duty of the plaintiff executor is clear requiring payment of one-half of the corpus of the trust fund to be made to such issue.

The duty of the plaintiff executor and trustee is also entirely clear as to the disposition of one-half of the trust fund if John Corrigan did not leave issue. As is expressly provided in the will, since Annie Corrigan has now reached the age of thirty-two years, this one-half of the corpus of the trust is to be paid to her by the plaintiff executor and trustee.

The problem necessarily and unfortunately therefore is left of ascertaining the fact of whether or not John Corrigan, who

is legally dead, did leave any issue. He was twenty-one years old at the time of his disappearance and at the time of the death of the testatrix was twenty-nine years old. It is clear that this court cannot determine this fact whether John Corrigan left issue or not. The determination of the heirs and distributees of the estate must be made by the probate court in accordance with sections 4977 and 4978 of the General Statutes, Revision of 1930. This court in the instant case can only construe the will and it must be held in respect of the bequest to John Corrigan that the duty of the executor is plain.

In reaching the conclusion above stated there seems to be abundant authority to support it. As to the method of ascertaining the date of legal death it is said in 17 C.J. Death, §8, p. 1170 and cases cited: "The period which must elapse in order to give rise to the presumption of death runs from the time when the last tidings of the absent person were received."

It is only to be noted here that there were no tidings from the date of disappearance, 1926.

As to the effect of presumption of death it is also stated in 17 C.J. Death, §18, p. 1174: "It was the English rule that the presumption was of death only and not of the time of death, which was to be determined by the facts and circumstances of each particular case, and the English rule is sanctioned by the weight of current authority in this country."

A case closely analagous to the instant case is *Smith vs. Combs,* 49 N.J.E. 420. In that case the disposition of the residue depended upon whether a nephew died before the testator. The nephew disappeared in 1855 and the testator died in 1861 and the court said (at p. 427): "If this be so, then it is quite clear that seven years did not elapse between the time when he was last heard from and the time of the death of the testator, John Reid." The court in this case fixes the date of legal death of the person who has disappeared at a time when seven years have elapsed from the date of disappearance. See *Adams vs. New York Life Ins. Co.,* 158 Mo. App. 564.

In *Murphy vs. Metropolitan Life Ins. Co.,* 155 N.Y.S. 1062, a policy holder disappeared on February 9, 1911, and was thereafter unheard of. The court held that the presumption of death became effective seven years thereafter and the date of his legal death was to be taken as February 9, 1918.

It would also seem clear that in order to give effect to the plain language of section 4908 of our General Statutes, Revision of 1930, the date of legal death must be fixed by ascertaining at what time seven years has elapsed from the date of disappearance.

In conclusion, therefore, the court holds as to the questions propounded in the complaint, question 1 must be answered yes. Question 2 must be answered yes; one-half of the corpus. Question 3 must be answered no. Question 4 must be answered yes; one-half of the corpus. Question 5 must be answered yes. And this must also apply to the last portion of question 4, the conclusion of the court being as follows: In as much as it appears that John Corrigan did predecease the testatrix, the executor and trustee is to pay over to issue surviving him, if there be such, one-half of the corpus of the trust fund which may be in his hands. If there is no surviving issue of said John Corrigan, one-half of the corpus of the trust fund in the hands of the plaintiff executor and trustee is to be paid over to Annie Corrigan.