JOHN C. EIDT, Respondent, v. MARGARET EIDT, Appellant, and KATIE EIDT et al., Respondents.

**Will — rule of construction applied.**

1. It is an established rule that the courts should give effect to every word and provision of a will, in so far as they may, without violating the intent of the testator or well-established rules of law.

2. A provision in a will, " I leave to my wife the house and all the furnishings at No. 326 E. 43 St. for the rest of her natural life the interest in the real estate held by me and my brother John C. Eidt to be held together for Two years or less in case of death of my wife within two years or date of settlement one third Interest to go to Mrs. Anna Deibel," is to be construed as a devise to the wife of the one-half interest in the real estate owned by the testator in common with his brother.

*Eidt* v. *Eidt*, 142 App. Div. 733, reversed.

(Argued October 9, 1911; decided November 21, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 28, 1911, reversing an interlocutory judgment in favor of defendant-appellant entered upon a decision of the court on trial at Special Term in an action of partition.

The complaint in the action alleged that the plaintiff owned an undivided one-half of the premises sought to be partitioned and that Jacob Eidt, Jr., died, owning an undivided one-half, which he by his last will, duly probated,

devised absolutely to his wife, the defendant Margaret Eidt. Certain of the defendants and the plaintiff are the heirs-at-law of Jacob Eidt, Jr., and those defendants by their answers denied the making and validity of the alleged will and averred that Jacob Eidt, Jr., died intestate. The interlocutory judgment decreed the validity of the will and that it devised the undivided one-half part of the premises to Margaret Eidt. The following question was certified to this court: "Did Jacob Eidt, Jr., by his last will and testament, dated March 23d, 1908, make any valid disposition of his one-half interest in the real estate owned by him in common with his brother, John C. Eidt, or of any part thereof, and if so, what disposition did he make thereof?" A transcription of the will, apart from the clause appointing the executors and the signatures of the testator and the witnesses, is:

"NEW YORK *March* 23 1908

"I hereby make my last Will & Testament leaving Two thirds of my share in the business Hay & Grain situated at 305 E. 45 St N Y. City to John C Eidt and one third of business to my wife Margaret Eidt the business to continue for two years or less before a settlement can be made my wife to draw one third Interest and John C Eidt to draw two thirds from same I leave to my wife the house and all furnishings at No 326 E. 43 St for the rest of her natural life the Interest in the real estate held by me and my brother John C Eidt to be held to gether for Two years or less in case of death of my wife within two years or date of settlement one third Interest to go to Mrs Anna Deibel."

The will was written by John C. Eidt, the testator's brother and partner in the hay and grain business, at the dictation of the testator when prepared for a surgical operation which resulted in his death. Mrs. Anna Deibel, whom the will mentions, is the mother of Margaret Eidt. The testator owned at his death miscellaneous personal.

property, including money in bank, shares of stock and accounts receivable, amounting in value to $6,924.69.

*Carl A. Hansmann* for appellant. The will of Jacob Eidt, Jr., contains a valid devise of his share of the premises to his widow, both by direct gift and by necessary implication. (*C. T. Co.* v. *Eggleston*, 185 N. Y. 23; *Starr* v. *Starr*, 132 N. Y. 154; *Lewisohn* v. *Henry*, 179 N. Y. 352; *Thurber* v. *Chambers*, 66 N. Y. 42; *Stimson* v. *Vroman*, 99 N. Y. 74; *Moffett* v. *Elmendorff*, 152 N. Y. 475; *Matter of Goetz*, 71 App. Div. 272; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Matter of Keogh*, 126 App. Div. 285; *Mills* v. *Tompkins*, 110 App. Div. 212; *Masterson* v. *Townshend*, 123 N. Y. 458; *Matter of Vowers*, 113 N. Y. 569; *Matter of Moore*, 152 N. Y. 602; *Close* v. *F. L. & T. Co.*, 195 N. Y. 92.)

*Theodore J. Breitwieser* for respondents. The intention of the testator, as clearly manifested by the will itself, was to die intestate as to the real estate in question. (*Kinkele* v. *Wilson*, 151 N. Y. 269; *Roberts* v. *Corning*, 89 N. Y. 226; *Du Bois* v. *Ray*, 35 N. Y. 162; *Matter of Disney*, 190 N. Y. 128.) The word "and" cannot properly be interpolated between the second and third clauses of the will at bar. (*Starr* v. *Starr*, 132 N. Y. 154; *Patchen* v. *Patchen*, 121 N. Y. 432; *Wylie* v. *Lockwood*, 86 N. Y. 297; *Wilson* v. *Wilson*, 120 App. Div. 581; *Schmeig* v. *Kochersberger*, 18 Misc. Rep. 617; *Mead* v. *Maben*, 131 N. Y. 261; *Stokes* v. *Weston*, 142 N. Y. 438; *Campbell* v. *Beaumont*, 91 N. Y. 467; *Christie* v. *Phyfe*, 19 N. Y. 348; *Matter of Donohue*, 109 App. Div. 158.)

COLLIN, J. There arises from the language, "I leave to my wife the house and all furnishings at No 326 E. 43 St for the rest of her natural life the interest in the real estate held by me and my brother John C Eidt to be held together for Two years or less in case of death of

my wife within two years or date of settlement one third Interest to go to Mrs Anna Deibel," a legitimate doubt as to the will and intention of the testator concerning the devolution of his interest in the real estate owned by him in common with his brother.   The prevailing opinion delivered at the Appellate Division held the view that he made no disposition of the interest, but did direct that the real estate should remain unsold for two years or less. Mr. Justice SCOTT in a dissenting opinion expressed the view that he devised absolutely the interest to his wife.

The question certified imposes upon us the duty of declaring, through interpretation, the effect of the will in the particular it specifies.   In the judicial interpretation of a will, which is given only when its language under its natural and ordinary meaning is of doubtful and uncertain effect, the intention of the testator may be sought through the entire contents of the will.   If, by a careful study of the entire will, the uncertainty is not eliminated or the intention is not perceived, the relevant and competent facts and circumstances surrounding the testator at the time of the execution of the will, and the rules of judicial interpretation should be resorted to as aids in giving the instrument the meaning which it may contain. Whenever the intention is ascertained or is made satisfactorily apparent through the balance of reasons and probabilities, it becomes obligatory to determine whether it is adequately expressed by the language of the will. Courts will not construct a will in order that an inadequately expressed intention may be fulfilled, or thrust into a will a provision which is neither apparent nor necessarily to be implied.   But a testamentary intention declared in a lawful manner and having a legal purpose has paramount potency and cannot be thwarted or nullified.   It overrides the inadequacy or incorrectness of the language or the punctuation, or any crudity of the will. To effectuate it the courts will transpose or insert or disregard words or phrases.   (*Dreyer* v. *Reisman,* 202 N.Y.

476; *DuBois* v. *Ray*, 35 N. Y. 162; *Kinkele* v. *Wilson*, 151 N. Y. 269; *O'Malley* v. *Loftus*, 220 Penn. St. 424.)

A patient consideration of the brief and imperfect will at bar brings us to the conclusions that the intention of the testator may be gathered with reasonable certainty from it, and that it adequately expresses that intention. The testator when dictating its provisions had evidently two desires, the one to preserve to his brother the hay and grain business in which they were partners and protect it and him against the immediate and injurious winding up of it; the other, to make provision for his wife through the remaining years of her life. The will in its abbreviations, omissions and characters and initial letters in the place of words is in the style and method of merchants. It is businesslike rather than lawyerlike. A communication between merchants by which the one informed the other that he had shipped, as ordered, two designated articles or shipments and omitted the conjunctive "and" between the designations, as for illustration: "We forward this day as ordered 100 doz. eggs 400 bush. potatoes," would be construed as a statement that the two articles or shipments had been forwarded. From the form of the will, it is not unnatural or unwarranted to insert, as Mr. Justice SCOTT did, the conjunction "and" so that the clause would read: "I leave to my wife the house and all furnishings at No. 326 East 43rd street for the rest of her natural life and the interest in the real estate" and plainly devise to Margaret Eidt the one-half interest in the real estate owned by the testator in common with his brother.

The determination that the interest in this real estate was devised to Margaret Eidt has further support. The will is conclusive proof that the testator had a purpose or intention concerning that interest. Under the position taken in the prevailing opinion at the Appellate Division and by the respondents that his purpose was to provide that the real estate should be held together for

two years or less, the words "the interest in" are useless and unsuitable. While the will in its entirety is informal, the utility and accuracy of the words used are noteworthy and instructive. It is, moreover, an established rule that the courts should give effect to every word and provision of the will, in so far as they may without violating the intent of the testator or well-settled rules of law. The words "the real estate held by me and my brother John C. Eidt to be held together for two years or less" would have accurately expressed the conclusion of the Appellate Division. Under that conclusion the words "the interest in" make the provision incorrectly expressed. Under the conclusion that the provision is a devise of the interest to the wife, those words are precisely fitting and effective. An exposition of the intention expressed by the will, more clear than that in the will, would be: "I leave to my wife the house and all furnishings at No. 326 East 43rd Street, New York City, for the rest of her natural life. I leave to my wife the interest in the real estate held by me and my brother John C. Eidt, which real estate is to be held together for two years or less. In case of the death of my wife within the two years next after my death or prior to a settlement within that period of the said hay and grain business, I give the one-third interest of that business to Mrs. Anna Diebel."

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in both courts to the appellant, and the question certified should be answered: Jacob Eidt, Jr., by his last will and testament dated March 23rd, 1908, devised in fee simple to his widow Margaret Eidt his one-half interest in the real estate owned by him in common with his brother John C. Eidt.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order reversed, etc.