as absolute, and the purpose merely as the motive of the gift, and therefore holds that the gift takes effect as to the whole sum or the whole income, as the case may be.

"Thus, where there is the gift of a sum to apprentice a child, or to buy a commission for a son, the court gives' effect to the entire gift; and whether the sum can or cannot be applied for the purpose of buying the commission or apprenticing the child, the court holds that the child is entitled to the whole of it.

"So again, with regard to maintenance, as to which the distinction between the two classes of cases is very clearly put by Sir William Grant in Hanson v. Graham, where he says that, if an entire fund is given for the maintenance of children or the like, they take the whole fund absolutely, and the maintenance is treated in effect as simply the motive in making the gift; while, on the other hand, if a portion only of the fund is given for maintenance, then they are entitled to draw out as much only as may be necessary for the purpose specified."

We find the same principle recognized in Matter of Ingersoll, 95 App. Div. 211, 212, 88 N. Y. Supp. 698, where Mr. Justice Jenks says:

"The testator directs that one-half of the rest, residue, and remainder of his estate be held in trust, be invested, and that the income and so much of the principal as shall be deemed necessary be applied to the education, maintenance, and support of his grandnieces and grandnephews. There is no other disposition of such moiety. I think that there is a gift of the principal of that one-half to the said beneficiaries."

If Maria F. Stuart took, as I hold she did take, an absolute interest in the amount in question, the gift is complete, even though the purpose for which it was given failed or became incapable of execution by reason of her death soon after testatrix. Matter of Sanderson's Trust, supra; Barlow v. Grant, 1 Vern. 255; Nevill v. Nevill, 2 Vern. 431; Barton v. Cooke, 5 Ves. 462; Palmer v. Flower, 13 Eq. 250.

In view of the authorities, I hold that the administrator of Maria F. Stuart is entitled to the amount unexpended in the Tarrytown Savings Bank.

Decreed accordingly.

---

(76 Misc. Rep. 386.)

### In re ATKINS' WILL.

(Surrogate's Court, Kings County. April, 1912.)

1. WILLS (§ 487\*)—PROBATE—ADMISSIBILITY OF EVIDENCE.

On the probate of a will making an absolute gift but expressing testator's confidence that the estate will be distributed by the donee in accordance with a memorandum attached to the will, the memorandum, admitted in evidence over the objection, must be ignored.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1023, 1026–1032; Dec. Dig. § 487.\*]

2. WILLS (§ 471\*)—CONSTRUCTION—CONFLICTING PORTIONS.

Where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by subsequent words that are not as clear and decisive as the words giving the estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 989; Dec. Dig. § 471.\*]

3. WILLS (§ 471\*)—CONSTRUCTION—CONFLICTING PORTION.

The bequest of testator's entire estate to a friend named as executor without bonds, as his absolute property without legal accounting to any

one, is an absolute gift and is not affected by testator's expression of confidence that the estate will be distributed in accordance with a memorandum attached to the will and bearing the testator's unattested signature.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 989; Dec. Dig. § 471.*]

Proceedings upon the probate of the last will of William E. Atkins. Decree entered.

Montague Lessler (Leonard J. Obermeier, of counsel), for proponent.

C. H. & J. A. Young (Albert Ritchie, of counsel), for contestants.

KETCHAM, S. The construction and the validity of the will are put in issue in the probate proceeding. The will in its material parts is as follows:

"Second. I give, devise and bequeath my estate, whether real or personal, wheresoever the same may be situate, to my friend and partner, Walter Durbrow, of the borough of Richmond, city of New York, as his absolute property, without legal accountability to any one for and in respect to same or the disposition thereof, leaving to him or his successor to do what he shall deem right in regard to it, in confidence however, that such estate as I may have, will be appropriated as nearly as possible in accordance with a certain letter or memorandum written by me in my handwriting and dated on the 29th of June 1910.

"Third. I hereby nominate and appoint the said Walter Durbrow, executor of and trustee under this, my last will and testament, the trust being as set forth in the letter or memorandum hereinbefore referred to.

"Fourth. I direct that no bond be required of him as executor or trustee."

There is in evidence an instrument of even date with the will bearing the unattested signature of the testator. It bears the title "Memorandum attached to my will." Its opening words are:

"In accordance with the second clause of my will, made this 20th day of June 1910, I desire that my executor and legatee, Walter Durbrow, make the following distribution of my property as follows."

This is followed by directions for the distribution of sums of money and chattels therein set forth to persons named. Among them there are particular directions as follows:

"To my partner, Walter Durbrow, my diamond ring and my two opal studs. The residue of my estate, to be divided between my partner, Walter Durbrow and Mary M. Macaulay share and share alike."

[1] Although this memorandum was admitted in evidence under objection, it is inadmissible and must be ignored. Matter of Keleman, 126 N. Y. 73, 26 N. E. 968. This is not a case in which inquiry may be made as to whether a trust, valid or invalid, was created or attempted by the collateral instrument. The memorandum has naught to do with the interpretation of the will, nor has this court anything to do with its effect or construction.

If any rights are bestowed by this memorandum, they are cognizable only by a court of general equity and will then come into view only if the will be found to contain an effectual gift. Fairchild v. Edson, 154 N. Y. 199, 48 N. E. 541, 61 Am. St. Rep. 609; Amherst

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

College v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305; Matter of Keleman, supra; Matter of O'Hara, 95 N. Y. 403, 47 Am. Rep. 53. This is not meant to deny the powers of a court specially endowed with the explicit jurisdiction to "affect the accounting party with a constructive trust." Code Civ. Proc. § 2472a (Laws 1910, c. 576).

Attempts of testators to make devises superficially to the personal use of the devisee named, with the purpose, not expressed in the will, that such gifts shall be applied to the benefit of objects other than the devisee, have provoked rules, now well imbedded in the law, of which the following statement, though scant, is sufficient for the present purpose:

(1) The sole test applicable to the construction of the will is whether or not there is an absolute gift apparent from the will itself. Matter of Keleman, supra.

(2) If the gift shall fail, intestacy results.

(3) If it prevails, then, and only because it is efficient to vest the gift in the devisee personally, equity may be invoked to impress and enforce a trust which may have arisen dehors the will. See cases cited supra as to equitable jurisdiction.

The present question is, therefore, narrow and simple: Does the will effect a gift to the legatee named, irrespective of any moral or legal duty which may adhere thereto?

The letter of instructions must be disregarded, and the righteous mockery must be indulged of assuming that the nature of the instructions is not known.

The testator's estate is given to his "friend and partner * * * as his absolute property, without legal accountability to any one for or in respect to same or the disposition thereof." These are words which create an interest personal, exclusive, and absolute. They resist the processes of interpretation. Their meaning is express and inevitable. Unless therefore their essential purport be qualified or cut down by the context, they vest the estate in the legatee as his own.

[2] A canon of instruction which is laid down as one which admits of no exception in the construction of written instruments is:

"Where one estate is given in one part of an instrument in clear and decisive terms, such estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate." Benson v. Corbin, 145 N. Y. 351, 359, 40 N. E. 11; Roseboom v. Roseboom, 81 N. Y. 359.

The rule last cited has received specific application in cases where, under its control, express gifts have been held not to have been cut down or qualified by precatory expressions. Clay v. Wood, 153 N. Y. 134, 47 N. E. 274; Matter of Gardner, 140 N. Y. 122, 35 N. E. 439; Campbell v. Beaumont, 91 N. Y. 465; Clarke v. Leupp, 88 N. Y. 228; Willets v. Willets, 35 Hun, 401.

The gift in this will could only be aborted if, from words subsequently found in the will equally as clear and decisive as the words of the clause which made the absolute gift, it could be demonstrated that the only testamentary purpose was to accomplish a trust or some other result which was forbidden by the law.

[3] That the testator trusted his legatee, called him his "trustee," expressed his confidence that his undisclosed wishes would be respected, and implicitly believed that the estate would be appropriated as nearly as possible in accordance with a certain letter, all evince a personal reliance upon the beneficiary's fidelity and an assurance of his loyalty in the disposition of the estate; but none of these expressions alone constitutes a trust. To believe another to be trustworthy and to request him to justify such belief in respect to a conveyance or devise to him must fall far short of erecting a trust as the estate conveyed or devised, unless the estate is both given and taken upon the trust not only asserted but defined.

Expressions, however redolent of personal confidence, cannot qualify or cut down a gift first made in terms which not only refrain from imposing the conditions of a trust, but actually repudiate such conditions. The law, blind to the contents of the letter, will find in this will abundant trustfulness, but no trust. To create a trust, its duties must be so woven into the gift by the donor or must be so assumed and declared by the donee, or impressed upon him in equity, that the elements of the trust shall characterize the gift in the one case or its acceptance in the other.

In this case, we are forbidden to regard the conduct of the donee, and especially the nature and force of the obligations which may, perhaps, burden his future acceptance of the gift. Thrown back upon the will itself, we find an express gift to personal use. In the absence of any revelation as to the terms of the letter of instructions, we fail to discover any trust whatever, to modify the gift. Non constat but that the directions are wholly consistent with the absolute right of the devisee to the personal enjoyment of the estate.

Whether the provisions relative to the letter and the dispositions to be thereby influenced be called a trust or a precatory intimation, it must be assumed that the arrangements therein contemplated are such as not to destroy or impair the strong words of personal gift first employed. Purposes avowed by the testator, but not disclosed, must be presumed to be in harmony with his manifest purpose. If the mere fact of separate instructions appears in the will and the law must conjecture as to their nature, such construction must be adopted as will preserve and not injure the integrity of the will. The finding in such case should be that the unknown instructions are of a sort which will not lessen the gift declared to be absolute.

A devise to an executor coupled with precatory appeals to the conscience may justly be deemed to carry not a personal use, but a duty allied to the executorial function (Forster v. Winfield, 142 N. Y. 327, 37 N. E. 111; Gross v. Moore, 68 Hun, 412, 22 N. Y. Supp. 1019), and the words in this will by which the testator leaves to his legatee "or to his successor" the disposition of the estate, together with his appointment both as executor and trustee, and the reference to the trust said to be set forth in the letter, may well arrest the mind.

The gift is, however, absolute and personal. It is to the legatee by name and not by office. Though the disposition of the estate is left in the alternative to the successor, there is no substituted gift

to the successor. The word is fairly satisfied by referring it to the legatee's successor in personal interest (Kanenbley v. Volkenberg, 70 App. Div. 97, 75 N. Y. Supp. 8), especially as there is no room in the will for a construction by which the gift could possibly pass to any successor in the character of either executor or trustee.

The finding should be embodied in the decree of probate that the estate is devised and bequeathed to Walter Durbrow personally and absolutely, and that this construction does not assume to pass upon his right or duty with respect to its disposition.

Decreed accordingly.