Matter of the Application of LOUISE A. REINERS, for a Construction of the Will of HERMAN REINERS, Deceased.

(Surrogate's Court, Kings County, January, 1917.)

**Wills — provisions of — insurance (life)— when gift not cut down.**

Where a will states that, in accordance with his intention that his wife should receive $50,000 in cash at his death, testator had assigned or made payable to her certain life insurance aggregating $45,000, the initial gift is not cut down by a provision of the same clause of the will giving her $5,000.

APPLICATION for the construction of a will.

Hirsh, Newman & Reass (Hugo Hirsh, of counsel), for petitioner.

Surrogate's Court, Kings County, January, 1917.   [Vol. 98.

Celler & Kraushaar (Emanuel Celler, of counsel), for A. Frederick Reiners.

Coombs & Wilson (C. W. Wilson, Jr., of counsel), for A. Frederick Reiners and Frank M. Sinclaire, as executors, etc., of Herman Reiners, deceased.

KETCHAM, S.   The passage in the will which is to be construed is as follows:

" *Second.* It is my intention that my beloved wife, Louise A. Reiners, shall receive the sum of Fifty thousand ($50,000) Dollars in cash at the time of my death and I have accordingly had assigned or made payable to her the proceeds of four life insurance policies aggregating the sum of Forty-five thousand ($45,000) Dollars, and I do hereby give and bequeath to her the sum of Five thousand ($5,000) Dollars to be paid to her by my executors."

This paragraph in its opening phrase contains a legacy of $50,000, payable in cash at the time of the testator's death.

A canon of construction which is laid down as one admitting of no exception is: " Where one estate is given in one part of an instrument in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving that estate." *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Clarke* v. *Leupp,* 88 id. 228; *Campbell* v. *Beaumont,* 91 id. 464; *Benson* v. *Corbin,* 145 id. 351; *Hacker* v. *Hacker,* 153 App. Div. 270; *Matter of Atkins,* 76 Misc. Rep. 386.

Does the rule cited permit the conclusion that the words of clear gift in the will under examination are aborted by the subsequent language as to the policies of insurance, and the bequest of $5,000? The assignment of the policies and the gift of the $5,000 were not

intended by the testator to destroy or qualify his initial gift. Having used words in themselves meaning only that he gave to his wife $50,000 to be paid to her upon his death, he declares that it is " in accordance " with that gift that he has assigned the policies and that it is " in accordance " with the greater gift that he makes the legacy of $5,000.

Where a provision is followed by others which are made " accordingly " as the first provision requires them to be made, the latter cannot be hostile to the main purpose first expressed. The " according " provisions are subordinate and auxiliary to the prime gift. It would wrench language from its normal meaning to find that words which were used in order to agree with others were intended to be repugnant to the gift with which they accorded.

Everybody who reads will know that this testator meant that his wife should have $50,000 as soon as he died. No one will think that he meant to mock her from the grave with the mere semblance of bounty. The choice is inevitable — either he intended her to have the larger sum or he intended her to look at it while he took it from her. The purpose that all must see in his will he must have seen.

But while the phrases respecting the policies and the gift of $5,000 are not sufficiently clear and precise to undo the intention once expressed that the wife should have $50,000, they did manifest a purpose that the only legacy was of such part of the amount first named as would exceed the avails of the policies.

The testator intended the wife to have a certain sum. He wanted that intention satisfied so far as possible by the proceeds of the insurance. In this respect there was no gift by will. But the purpose which still remained could only be fulfilled by a legacy of such

Surrogate's Court, Kings County, January; 1917. [Vol. 98.

sum as with the insurance would equal $50,000. A legacy to this extent is clearly visible, and it is not cut down by the remainder of the paragraph in which it is contained.

Having these views, the surrogate " accordingly " construes the will.

The present duty is construction only. It is not intended to impose any constraint upon the executors as to their administration of the estate of accounts between the widow and the estate.

Decreed accordingly.