In the Matter of the Petition of WILLIAM P. ZWILLING
et al., Appellants, for a Judicial Construction of the
Will of MARGARET K. ROOKER, Deceased.

PROTESTANT ST. JOHN'S CHARITABLE ASSOCIATION et al.,
Respondents.

Will — trust — gift of balance of income, without restriction,
to two nephews, with direction that on death of cestui que
trust each, or his issue, shall receive from principal difference
between amount of income received and an amount named —
later clause stating it to be intention of testatrix that nephews
and their issue receive of both principal and interest the aggre-
gate sum named — will construed so as to give nephews all
income in excess of amount paid to cestui que trust and on
her death if they have received the stated sum the principal to
belong to the residuary legatees.

Under the provisions of a will whereby testatrix gave the residue
of her estate to a trustee with a direction to pay to her sister as long as
she lived a stated sum yearly and if the income exceeded that amount
divide the balance between two nephews, and upon the death of her
sister pay to the nephews out of the principal and to his issue, if one
be dead, one-half of the result obtained by deducting from the sum
of $6,000 the amount of all income theretofore paid to both nephews,
" it being my intention that my said nephews, or my said nephews
and their issue shall receive of both principal and income the aggregate
sum of $6,000," a contention that once each nephew has been paid
$3,000 out of income their interest in the estate ends, cannot be sus-
tained. The will should be so construed as to give to the nephews
all income received by the trustee in excess of the amount paid yearly
to the sister of testatrix. If at her death they have already received
$6,000 the principal belongs to the residuary legatees.

*Matter of Rooker*, 222 App. Div. 717, reversed.

(Submitted May 11, 1928; decided May 29, 1928.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial
department, entered November 16, 1927, which unani-
mously affirmed a decree of the Wayne County Surrogate's
Court construing the will of Margaret K. Rooker, deceased.

*Mortimer L. Sullivan* for appellants. The testamentary intention of Margaret K. Rooker, deceased, was that all of the income from her estate after paying an annuity of $200 to her sister, should be paid over to the petitioners as long as their mother is alive. (*Goodwin* v. *Coddington,* 154 N. Y. 292; *Tillman* v. *Ogren,* 227 N. Y. 495; *Williams* v. *Boul,* 101 App. Div. 593; 184 N. Y. 605; *Matter of Edie,* 117 App. Div. 310.)

*William G. Staudenmaier* and *Francis S. Macomber* for respondents. The will of Margaret K. Rooker, deceased, should be construed so that the total amount of both principal and income to be received by petitioners shall be limited in the aggregate to $3,000 each. (*Matter of Farmers Loan & Trust Co.,* 213 N. Y. 175; *Matter of While,* 125 N. Y. 550; *Matter of Werlich,* 230 N. Y. 516; *Matter of Lally,* 136 App. Div. 787; 198 N. Y. 608; *Eidt* v. *Eidt,* 203 N. Y. 328; *Van Vechten* v. *Keater,* 63 N. Y. 55; *Matter of Beuchner,* 226 N. Y. 440; *Roe* v. *Vingut,* 117 N. Y. 204; *Hadcock* v. *Cody,* 213 N. Y. 570; *Matter of Scott,* 204 N. Y. 478; *Weeks* v. *Cornwell,* 104 N. Y. 325; *Tilden* v. *Green,* 130 N. Y. 29; *Matter of Hoffman,* 201 N. Y. 247.)

ANDREWS, J. We are called upon to determine the intent of a testatrix, as shown by the confused provisions of a will. Margaret Rooker bequeathed the residue of her estate to a trustee. It is told to pay from the income $200 per annum to a sister, and any balance remaining to two nephews or to the survivor of them. Upon the death of the sister the trust is to end and the principal is to be divided. Precisely how this is to be done is stated. If the nephews survive, each is to receive such sum as together with the income already paid him, shall amount to $3,000. If one be dead, then his legacy shall go to his issue if any, or if none to the surviving nephew. Only, in the case of death, the legacy both to the survivor and to the representatives of the deceased is to be calculated by subtracting from $6,000 the amount of all income paid

1928.] Opinion, per ANDREWS, J. [248 N. Y. 361]

to both nephews. What is then bequeathed to each legatee is one-half of the sum so found.

So far the result is clear. During the sister's life, her sons, the nephews of the testatrix, are to receive all income not payable to her. At her death, they are to receive much or little or nothing, dependent upon the amount of the benefits which have already come to them from the estate. The result might be unfair. If one nephew dies immediately after the testatrix, if the sister survives until the surviving nephew has received $6,000 of income, then the issue of the former would receive nothing. Still that is the will of Mrs. Rooker.

Now, however, comes the phrase that has caused doubt. We have been dealing with the distribution of the principal after the sister's death. We are told what is to be done if both nephews survive; what, if one dies? Then the will continues: " It being my intention that my said nephews and their issue shall receive of both principal and income the aggregate sum of $6,000." Does this mean that they are to receive the sum of $6,000 and no more? That once each has been paid out of income $3,000, their interest in the estate ends, thus cutting down the previous bequest to them of all surplus income, or has Mrs. Rooker still in mind the final distribution of the principal, and is she restating her desire that when the time for such distribution comes her nephews are to have but $6,000 less what income they have already received?

The matter has become important. Mrs. Rooker died in 1920. Her sister and her nephews are still living. After paying the sister her $200 per annum the trustee now has in its hands over $8,000 of income. Shall the excess over $6,000 and any future excess be paid to the nephews, or as it may not be accumulated, shall it be paid to two charitable corporations who are the residuary legatees?

The truth is that in all probability the testatrix never thought of such a possibility. How large the estate was

does not appear. But at least she expresses doubt whether the income will always or ever exceed $200 annually. Yet as best we may we must endeavor to give a meaning to what she has said, even if in so doing we impute to her an intention that had no real existence.

Little argument is possible. But this at least is true. She has given the income without restriction to the nephews. The doubtful clause is part of the sentence providing for the final fate of the trust fund. It does not expressly state that $6,000 is all they shall receive in any event. Nor does there seem to be anything in a later provision of the will, bequeathing to each nephew a legacy of $3,000, should the sister die before the testatrix, that throws light on the subject.

The intention of the deceased is always to guide us in the construction of a will. When that can be discovered it will not be affected by any rule of construction. When doubtful, however, the courts have adopted such rules as to matters supposed to influence the average mind, and so to shed light where otherwise would be but darkness.

Where a benefit is clearly given it will not be cut down by subsequent language not equally clear. The intent to give what he says he gives is the main thought of the testator. Ordinarily if he believes the gift too great he will leave no doubt of his intention. Of two doubtful interpretations, that favoring the blood of the testator rather than strangers will be adopted. Human nature usually so acts. A construction harmonizing a clause and the law is to be preferred to one unauthorized. An intent to direct an illegal accumulation of income is not to be lightly inferred.

With these considerations in mind the will should be so construed as to give to the nephews all income received by the trustee in excess of $200 a year during the life of their mother. If at her death they have already received $6,000, the principal belongs to the residuary legatees.

The order of the Appellate Division and the decree of the surrogate should be reversed and a decree directed construing the will as herein provided with one bill of costs in all courts to the appellants and another to the respondents payable out of the estate.

Cardozo, Ch. J., Pound, Crane, Lehman, Kellogg and O'Brien, JJ., concur.

Ordered accordingly.