In the Matter of the Estate of FANNIE A. WEINER, Sometimes Known as FANNIE WEINER, Deceased.

Surrogate's Court, Bronx County, May 27, 1930.

*Douglas Mathewson,* for the petitioner.

*Hays, St. John, Abramson & Schulman,* for Tremont Baptist Church.

*John F. Reidy,* for Margaret Fleming and others.

HENDERSON, S. The sole executor of the will of Catherine Weiner, the deceased sole executrix of and a legatee under decedent's will, petitions for a construction of decedent's will and for the issuance to him of letters of administration with the will annexed. The petitioner is a brother of the decedent and one of the specified beneficiaries under her will. All the parties in interest have been duly cited and no answer has been interposed except by Tremont Baptist Church which prays for a construction that it is the residuary devisee under the will.

The decedent died on March 19, 1928, and upon the probate of her will letters testamentary were issued to the sole executrix named therein, Catherine Weiner, who died March 30, 1929, leaving certain of decedent's assets unadministered. The dispositive portion of her will reads as follows:

" *First,* after my lawful debts are paid, I give all my house hold effects & all money left by me & personal effects to my sister Catherine & also my house untill she dies to live in & after her death there will be $3,000 left that she can not use to go to my Brothe Janes $200.00 to my nephews Janes John & George of texas $100.00 each & to my nephew Harry $100.00 to my neices Pauline Catherine & Margareth & Mabel $100.00 each. the rest is to go to the Tremont Baptist Church & to Woodlawn Cemetery

to keep plot in repairs & Co. anybody that is not satisfied with my last will shall forfeit his or her share & it will be devided among the rest of neices & nephews."

It is evident from an inspection of the document that the words above quoted were written on a blank form by the testatrix and that she was neither accustomed to the use of choice diction and proper punctuation nor familiar with the preparation of wills. This circumstance must be considered in construing it. (*Eidt* v. *Eidt*, 203 N. Y. 325, 328; *Robinson* v. *Martin*, 200 id. 159, 164; *Matter of McGeehan*, 200 App. Div. 739, 747; affd., 237 N. Y. 575; *Ward* v. *Stanard*, 82 App. Div. 386, 394; *Matter of Kavanagh*, 133 Misc. 399, 401.)

In construing the will, the court may not write a new will for the testatrix (*Matter of Tamargo*, 220 N. Y. 225, 231; *Eidt* v. *Eidt*, *supra*; *Dreyer* v. *Reisman*, 202 N. Y. 476, 480; *Matter of Kenny*, 224 App. Div. 152), but must give effect, unless prohibited by statute, to her intention as expressed in her will and gathered from a consideration of the entire context thereof (*Matter of Evans*, 234 N. Y. 42; *Matter of Silsby*, 229 id. 396, 402; *Matter of Pulis*, 220 id. 196, 205; *Eidt* v. *Eidt*, *supra*), or as ascertained by the application of appropriate rules of construction when it is obscure and cannot be discovered from the will itself (*Matter of Tamargo*, *supra*, 228; *Robinson* v. *Martin*, *supra*; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 583), and by evidence *dehors* the will when there is ambiguity as to the subject meant to be described. (*Matter of Phipps*, 214 N. Y. 378, 381; *Matter of Grossman*, 131 Misc. 526, 533; *Matter of Fowles*, 95 id. 48, 51; affd., 222 N. Y. 222.) Canons for the construction of wills have been adopted by the courts to aid in seeking the intention when doubtful, and not to affect such intention when it can be ascertained from the language of the entire will. (*Matter of Rooker*, 248 N. Y. 361, 364; *Matter of Buechner*, 226 id. 440, 444; *Matter of Tamargo*, *supra*; *Cammann* v. *Bailey*, 210 N. Y. 19, 30; *Hallinan* v. *Skillen*, 227 App. Div. 125, 127; *Matter of Quinby*, 134 Misc. 296, 299.)

The ambiguity of the expression " my house " is resolved by the conceded fact that, although the decedent did not own any house in fee absolutely, she was seized of an undivided one-half interest in certain real property known by the street number 2088 Washington avenue, borough of The Bronx in the city of New York, more definitely described in the petition herein, and lived in the house erected thereon for many years up to the time of her death with her sister, the said Catherine Weiner, who owned the other undivided one-half interest in said real property. I hold that the decedent in using these words intended to and did describe and

include all her right, title and interest in and to the said real property.

Following the principles above mentioned, a fair interpretation of decedent's will is that she bequeathed all her personal property that remained after the payment of her lawful debts, to her said sister, Catherine Weiner, subject only to the payment therefrom of her funeral and administration expenses, and that she also devised in fee all her right, title and interest in and to the real property above mentioned, to her said sister, subject only to and charged with the full payment of legacies to certain named beneficiaries, aggregating $3,000, after the death of her sister who, during her lifetime, was not to be disturbed in the quiet possession of the home which had been owned by both sisters as tenants in common. I so construe it and hold that upon decedent's death all her estate in said real property passed to and became vested in her said sister with full power to use or alienate it before death or to devise it by will, subject only to the payment of said legacies.

In using the words " the rest is to go to the Tremont Baptist Church & to Woodlawn Cemetery to keep plot in repairs & Co.," I hold that the testatrix referred to the balance of the $3,000 which remained after the payment of $1,000 to her designated relatives; that she intended to and did bequeath the sum of $2,000 to those two corporations as tenants in common, to be equally divided between them (*Matter of Kimberly*, 150 N. Y. 90, 93; *Matter of Blumenthal*, 236 id. 448, 453), and that the legacy to the latter was given in trust for the perpetual care of her plot in its cemetery. The intention of the testatrix as to the nature and extent of her gift to the respondent church is discernible from the document itself and any extraneous evidence of such intent would be inadmissible. (*Matter of Grossman, supra.*)

It has been long settled that a construction avoiding intestacy is preferred to one which does not dispose of all of decedent's property, if the intention to make a complete disposition can be gathered from the language of the will. (*Waterman* v. *N. Y. Life Insurance & Trust Co.*, 237 N. Y. 293, 300; *Matter of Ossman* v. *Von Roemer*, 221 id. 381, 387; *Matter of Kenny, supra.*)

No particular form of words is necessary to constitute a residuary legatee (*Morton* v. *Woodbury*, 153 N. Y. 243, 251; *Delehanty* v. *St. Vincent's Orphan Asylum*, 56 Hun, 55; affd., 134 N. Y. 612), and a sole legatee is a residuary legatee within the meaning of section 133 of the Surrogate's Court Act. (*Matter of Jordan*, 202 App. Div. 710.) I hold that Catherine Weiner was the sole residuary legatee of the personal estate which the testatrix intended to exempt from any liability for the payment of the other legacies, and that the will contains no residuary devise.

It is urged that the devise to the sister is merely a life estate, but such a construction would involve an intestacy as to the remainder and conflict with decedent's intention. The words " untill she dies to live in " must be read with all the other words of the will and may not be isolated from the context in ascertaining such intention.

Letters will be granted to the petitioner upon his filing a bond in the sum of $4,000.

Settle decision and decree accordingly.