In the Matter of the Estate of ELI TROTT, Deceased.

Surrogate's Court, Westchester County, August 5, 1930.

*William C. Clark*, for the administratrix, petitioner.

*Thomas & Friedman* for Lois M. Dacey, grandchild and legatee.

*Victor R. Carpenter*, for Dudley B. Trott, a grandson.

*Charles Caldwell* [*Philip M. Payne* of counsel], for First Baptist Church of Mount Vernon, respondent.

*Hays, St. John, Abramson & Schulman*, for the American Baptist Foreign Mission Society.

SLATER, S. The proceeding is one for the construction of the will of decedent. The facts are undisputed. The testator, Eli Trott, died January 1, 1920, leaving a wife and two children. His will was dated May 26, 1913. The widow was appointed sole executrix. She died November 30, 1928. The contention deals with the property at No. 266 South Second avenue, Mount Vernon, N. Y.

By the 3d paragraph of the will the testator said: " I give, devise and bequeath unto my wife Mary A. Trott, during the term of her natural life " certain real property (meaning No. 266 South Second avenue, Mount Vernon, the testator's home). " She may sell the said real property at any time and invest the proceeds thereof in bonds, stocks, mortgages or any building elsewhere and she may use the income therefrom for her own benefit during her life."

By the 4th paragraph of the will he bequeaths to his wife all cash, stocks and bonds owned at the time of his death, upon the following conditions: That the wife and executrix may dispose of such and divide the proceeds thereof into three equal shares, one of which shares she may retain herself, and give one of said equal shares to the daughter, Eloise, and the other of said shares to the son, Cyrus D. In the event the daughter shall not be living her third shall go to her children equally, or " my said executrix Mary A. Trott may hold all or any of my stocks or bonds, collect the dividends or interest annually and divide the same equally into three (3) shares and pay one to herself," one to the daughter and the third to the son. On the death of the wife " these stocks and

bonds shall be divided as aforesaid into three (3) equal shares and her one-third (1/3) shall be divided equally between her sisters * * *. One of each of the other two shares shall go to my daughter, Eloise Lindslay and to my son, Cyrus D. Trott." The amount of personal property was small. So much with regard to the personal property of the testator.

In the same 4th paragraph he continues: "*At her death the property at 266 South Second Street,* shall be sold within a year, if advisable, and the proceeds divided into three (3) equal shares, one of said shares to be divided equally among my grand children, or their heirs, share and share alike, one of said shares or the proceeds thereof, shall be paid to the Baptist Foreign Missionary Society of New York, and the proceeds of the other share shall be paid to the First Baptist Church of Mount Vernon, New York, for the Italian work at said City of Mount Vernon, New York."

The widow took a life estate in the real estate and the sale was made by her as donee of the power of sale. Pursuant to the power granted in the 3d paragraph of the will the widow sold the home property, No. 266 South Second avenue, May, 1927, receiving $15,000 therefor. She lived upon the income therefrom. The widow's administratrix has possession of this money.

It is contended by the two children on the one hand that the testator died intestate as to $15,000, being the proceeds of the sale of the real property known as No. 266 South Second avenue. This contention is based upon the absence of any specific gift over, or any disposition of the proceeds other than to the widow for her life, as well as the lack of a residuary clause. It is further contended by the grandchild and the two charities that the proceeds of the sale of the real estate stand in place of the property itself, and pass to those mentioned in the latter part of the 4th paragraph of the will, *i. e.,* the grandchildren and the charities. The sole question is whether an intestacy occurred.

The will is not scientifically drawn. It is difficult to fathom, because of its crudity. The court is asked by one of the contenders to write a new will for the testator. In construing a will the court may not write a new will for the testator, but must give effect, unless prohibited by statute, to his intention as expressed in his will and gathered from a consideration of the entire context thereof. (*Matter of Weiner,* HENDERSON, S., 137 Misc. 46, and cases cited.) The court must take a will as it is, must not devise a new scheme or make a new will and must not give to words and phrases other than their ordinary and literal meaning. On the other hand, latitude is given to courts to render effective imperfectly expressed testamentary intention. Courts are often permitted to trans-

pose words in an order different from that in which they appear, insert or leave out provisions, if necessary, but only in aid of the testator's intent and purpose, never to devise a new scheme by making a new will. (*Matter of Kenny*, 224 App. Div. 152, 156.)

The court is asked to eliminate the claims of the two children of the testator. As between the claims of the children as next of kin and the devisees, there may be doubt — in which instance, I favor the blood.

I should not read into this will something which is not to be found within its four corners. In *Matter of Knight* (196 App. Div. 355) Judge MILLS, writing for the Appellate Division, Second Department, said: " Moreover I look upon it as elementary and axiomatic that,. except in an entirely plain case, the court will not construe the will so as to cut off from inheritance or benefit any direct descendant of the testator. Such a construction shocks one's sense of natural justice and will be avoided if reasonably possible."

In *Matter of Rooker* (248 N. Y. 361, 364), Judge ANDREWS, writing, said: " The intention of the deceased is always to guide us in the construction of a will. When that can be discovered it will not be affected by any rule of construction. When doubtful, however, the courts have adopted such rules as to matters supposed to influence the average mind and so to shed light where otherwise would be but darkness. * * * Of two doubtful interpretations, that favoring the blood of the testator rather than strangers will be adopted. Human nature usually so acts." (*Matter of McGowan*, 228 App. Div. [2d Dept.] 779, 785.)

In three different provisions of the will reference is made to the real estate, consisting of the home, No. 266 South Second avenue, Mount Vernon. *First*, it is given to the widow for her life with power to sell it and invest the proceeds and to use the income therefrom. *Second*, " at her death " the same property shall be sold and proceeds divided into three equal shares. . *Third*, in the 8th paragraph of the will, " in the event of the death of all of my heirs and devisees herein mentioned, I direct that my estate shall go to the First Baptist Church of Mount Vernon, New York, for its Italian work there."

In my opinion, the second and third possible happenings are ineffectual, because the real property was sold in the lifetime of the widow, and heirs and next of kin survived. Reference is made to the case of *Kent v. Fisk* (151 App. Div. 279) and kindred decisions, to support the claims of those who would take if a sale was had after the widow's death. They do not affect the issue. The facts are dissimilar. In the cases presented, the ultimate beneficiaries

had a vested remainder in the *land*. It is not so in the instant case. Those who claim now could only take the *proceeds of a sale* made after the widow's death. Such sale never took place. It was a disposition of money and not of land. It was in the nature of a legacy wherein the legatees must necessarily be disappointed. It was a contingent legacy, contingent upon the sale of the real property after the widow's death, and as such never happened, the legacy lapses. It was a disposal by the widow of real estate within the power conferred by the will. The proceeds cannot stand in place of the original property. (*Vincent* v. *Putnam*, 127 Misc. 647, 652.)

There is no latent ambiguity in the will. There is a rank omission of a gift of the proceeds of the sale of the home, if sold by the life tenant.

The will contains two powers of sale. In the first instance, the life tenant is given the power to sell, and to invest the proceeds and receive the benefits therefrom. Let us grant the testator the foresight of observing the possibility that the wife might survive for many years, as she did, and would not have occasion to sell the home. He provided that " at her death " a sale of the home be made and a division of the *proceeds* be had among grandchildren and the two named charities. The second power of sale came into being only after the widow's death. It was inoperative and ineffectual. It never had life. This power of sale never came into being. I hold that there exists an intestacy with regard to the proceeds of the sale of the home by the life tenant which passes to the two children of Eli Trott.

Submit decision in accordance with this opinion.