In the Matter of the Accounting of BELLE FRUHAUF et al., as Executors under the Will of HENRY FRUHAUF, Deceased.

Surrogate's Court, New York County, June 21, 1948.

*Baker, Obermeier & Rosner* and *Harry Simon* for Belle Fruhauf, as temporary administratrix of the estate of Henry Fruhauf, deceased, and others, petitioners.

*Louis W. Dawson* for Mutual Life Insurance Company of New York, respondent.

*Vincent R. Fitz Patrick,* special guardian for Helen J. Fruhauf, an infant, respondent.

COLLINS, S. A proceeding for the construction of the will has been consolidated with the pending proceeding for the settlement of the account of the executors. The question of construction is whether the daughter of the testator is entitled to receive any part of the trust corpus during the lifetime of the widow.

The testator was survived by his widow, Belle Fruhauf, by their son, Henry Fruhauf, Jr. and by a daughter, Sarah Fruhauf Beekman, a child of a prior marriage. The will insofar as material reads: " Third: All the rest, residue and remainder of my estate, of every nature and kind, real, personal and mixed, wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, I give, devise and bequeath unto my Trustees hereinafter named, for the following uses and purposes: I direct my Trustees to hold the principal in trust during the life of my wife Belle Fruhauf, to invest the same and keep the same safely invested, to collect the income and to pay over the same unto my wife Belle Fruhauf, for her support, and for the support, education and maintenance of my daughter Sarah Frauhauf and my son Henry Fruhauf, Jr. In any event, not less than one-third (⅓) of said income shall be paid and applied exclusively to, and for the support of, my wife. Upon the death of my wife, I direct that the principal of said trust shall be divided into two (2) equal shares and held upon separate trusts for the benefit of my children, Sarah Fruhauf and Henry Fruhauf, Jr. With respect to the trust

created for my daughter Sarah Fruhauf, I direct my Trustees to hold the same in trust during her life, to keep the same safely invested, to collect and pay over the income unto her until she attains the age of forty (40) years, and to pay over the principal of said trust to her when she attains the age of forty years. In the event my daughter shall die before attaining the age of forty (40) years, leaving children her surviving, then I direct that upon her death, her share shall be divided, distributed and paid over unto her children, share and share alike. In the event, however, she shall die before attaining the age of forty (40) years, leaving no children her surviving, then I direct that upon her death, the principal of said trust shall be paid over unto my son Henry Fruhauf, Jr. if he be living at said time, otherwise to my wife Belle Fruhauf if she be living at said time, or if she be not living at said time, then unto my brothers and sisters and the children of any deceased brother or sister, in equal shares, per stirpes. With respect to the trust created· for my son Henry Fruhauf, Jr., I direct my Trustees to hold the same in trust during his life, to keep the same safely invested, to collect the income thereof and to apply so much thereof as may be necessary during the minority of my said son, for his support, education and maintenance, and to accumulate the balance until he attains the age of twenty-one (21) years; thereafter, to pay over the income unto my son until he attains the age of twenty-five (25) years, at which time I direct that there shall be paid to him one-third (⅓) of the principal of said trust; thereafter, to pay over the income unto my son until·he attains the age of thirty (30) years, at which time I direct that there be paid to him one-half (½) of the balance; thereafter, to pay over the income unto my son until he attains the age of thirty-five (35) years, at which time the remainder shall be paid to him. Should my said son die during the continuance of the trust created for him, leaving lawful issue him surviving, then I direct that upon his death, any undistributed principal of said trust shall be paid over and distributed among the issue of said child, share and share alike. Should he, however, die leaving no lawful issue him surviving, then I direct that the undistributed principal of said trust, shall upon his death, be paid over unto my daughter Sarah Fruhauf, if she be then living, and if she be not then living, one-half (½) unto my wife Belle Fruhauf, if she be then living, and the remaining one-half (½) unto my brothers and sisters and the children of any deceased brother or sister, in equal shares, per stirpes, and in the event my wife be not then living,

then unto my brothers and sisters and the children of any deceased brother or sister, in equal shares, per stirpes.''

The daughter was thirty years of age at the time of the execution of the will on December 2, 1931, and had attained the age of forty years prior to the death of the decedent on February 23, 1945. She contends that the text of the entire third paragraph reveals an intent to create three separate trusts, each consisting of one third of the residue; that she became entitled to receive the corpus of one of the trusts immediately since she had attained the age of forty prior to the testator's death; and that she has a vested remainder in one half of another third of the estate subject to the equitable life estate of the widow. The third trust, under this interpretation, would be for the benefit of the son.

It cannot be seriously disputed that the text of the first portion of paragraph third creates a single trust for the life of the widow. All of the residue is bequeathed to the trustees with a direction to hold the principal during the life of the widow. Not until the death of the widow is the principal of '' said trust '' to be divided. Upon her death there is to be a division into separate trusts for the son and daughter. Up to this point the directions are clear and the text affords no basis for an argument that more than one trust is to exist during the widow's lifetime.

In respect of each of the separate trusts for the son and daughter, the testator provided for distribution of principal at specified ages and made alternative gifts of principal in the event of the death of the beneficiary before becoming entitled to all of the principal. In each trust there is a contingent gift to the widow if she be living at the time of final distribution. The daughter relies upon this alternative gift to the widow as an indication of an intent to create three separate trusts as of the time of the testator's death. She argues that a gift to the widow of the principal of the daughter's separate trust if the daughter should die before attaining the age of forty and the widow '' *be living at said time*,'' necessarily implies that the trust for the daughter be set up during the lifetime of the widow. If the separate trust for the daughter were to be set up immediately, she would be entitled to receive the corpus since she has attained the required age. If, on the other hand, the trust for the daughter is not to be set up until the widow's death, she is not entitled to receive the corpus during the widow's lifetime. (*Matter of Bostwick*, 236 N. Y. 242, 245.)

There is no doubt that the later text of the paragraph is difficult to reconcile fully with the earlier express directions. It is a fundamental rule of construction that a court will endeavor to give effect to every part of the will and will make every attempt to reconcile seemingly inconsistent provisions rather than to ignore altogether any one portion. There are, however, other rules of construction to which the court must give heed. A clear and unambiguous provision in a will will not be modified by a doubtful or ambiguous provision found elsewhere. (2 Page on Wills, § 932, p. 872; *Matter of Rooker,* 248 N. Y. 361, 364; *Benson* v. *Corbin,* 145 N. Y. 351, 359; *Matter of Atkins,* 76 Misc. 386, 389.) " We do not easily trade a certainty for a doubt." (*Benson* v. *Corbin, supra,* p. 359.) " Where a benefit is clearly given it will not be cut down by subsequent language not equally clear." (*Matter of Rooker, supra,* p. 364.) Moreover, where an estate is given in one part of a will in clear and express terms, that estate will not be cut down by doubtful text employed in a subsequent clause. It can be reduced only by provisions as clear and decisive as those giving the estate. (*Fell* v. *McCready,* 236 App. Div. 390, 396, affd. 263 N. Y. 602; *Freeman* v. *Coit,* 96 N. Y. 63, 68; *Matter of Eckam,* 237 App. Div. 463, 465.) The intent of a testator must be found in the language of the will and cannot be based upon mere speculation or suspicion. Where the purpose of the testator is obscure, the courts are not justified in straining to recognize an implication which it cannot find. (*Matter of Winburn,* 265 N. Y. 366, 375; *Matter of Nelson,* 268 N. Y. 255, 258.)

The testator has expressly said that all of the assets of his residuary estate are to be held in trust during the life of his wife. The division into shares for the son and daughter is to occur only upon the wife's death. Here the testator has expressed himself in terms that leave no room for doubt.

It is not asserted that these direct expressions of intent are later contradicted by other equally direct expressions but merely that text later used is open to a different implication of intent. The contingent gift to the widow is said to give rise to an inference that the testator was then thinking in terms of separate trusts created from the beginning. The purpose that led him to make the contingent gift to the widow is at best obscure. Perhaps, as the daughter asserts, he had thought in terms of separate trusts. However, we could say with even greater plausibility that perhaps he believed that the death of the daughter or the son would liberate some of the assets from the single continuing

trust. In both instances, however, we are merely speculating over the processes of the testator's thoughts. The court cannot ignore the express text of the will and adopt an interpretation based wholly on speculation.

Moreover, the argument of the daughter must build one inference upon another. Even if it were reasonably clear that the testator had in mind the creation of separate trusts, there is nothing in the will that defines the corpus of such trusts. The assertion that each was to consist of one third of the residue is without foundation in the will. The income is to be used for the support of all three but there is nothing in the will itself that limits the widow to one third or that guarantees the others an equal amount. The will says merely that in " any event " the widow is to have " *not less than* " one third for her own exclusive use.

The court accordingly holds that the testator created a single trust during the life of the widow and the daughter is not now entitled to receive any part of the corpus of the trust.

The application for a direction to the insurance companies for payment to the executors of the prorata share of the estate taxes allocated against the policies, is granted. All necessary parties are before the court. It is not necessary to cite persons yet unborn who may have contingent interests in the assets. (*Hess* v. *Hess*, 233 N. Y. 164, 170; *Matter of Balfe*, 49 N. Y. S. 2d 882, affd. 269 App. Div. 904, affd. 295 N. Y. 975.)

The compensation of the attorneys for the executors is fixed and allowed in the amount requested. The disbursements are allowed as requested.

The court will take proof on the personal claim of the executrix, pursuant to section 212 of the Surrogate's Court Act, on the 12th day of July, 1948, at 12 m.