WOODSIDE PRESBYTERIAN CHURCH, Respondent, *v.* I. TOWNSEND BURDEN, Appellant, Impleaded with EVELYN BURDEN, Defendant.

Third Department, May 15, 1935.

*Joseph C. Behan, Jr.* [*John T. Norton* of counsel], for the appellant.

*James Farrell,* for the respondent.

PER CURIAM. Following our earlier decision (240 App. Div. 43) the appellant purporting to comply with the judgment entered

thereon presented to the Supreme Court a statement which he designates " account " wherein he states: " That I did not, between July 6th, 1916, and October 2nd, 1916, or at any other time, make any investments to the amount of $25,000, or to any other amount, so as to yield for the benefit of the plaintiff $4\frac{1}{2}\%$ yearly, or so as to yield any other amount, and no such investments were ever made by me, and no such fund ever existed, and no such fund now exists, in whole or in part." Objections to the " account " were filed by the respondent. It was properly decided by the Special Term that no triable issue was presented by the " account " and the objections. Final judgment, dated October 30, 1934, was rendered. It contained the following direction: " And it is further adjudged that the defendant I. Townsend Burden, be and he hereby is, directed and required to pay to the plaintiff the amount of said trust fund now in his possession and found due to plaintiff upon the accounting herein, namely, the sum of Twenty-nine Thousand Two Hundred Seventy-five Dollars, within ten days after the entry of this judgment and service of a copy thereof upon the defendant's attorney, with notice of entry." The Special Term was warranted in so interpreting our earlier decision. By our earlier decision we directed that the judgment should provide: " *Second*. That said I. Townsend Burden is now holding as said trustee said corpus which he has stated was invested ' so as to yield for the benefit of the church $4\frac{1}{2}\%$ annually.' *Third*. The plaintiff is entitled to an accounting from said I. Townsend Burden for the securities and investments if made in accordance with his assertion, and if no investments were made then plaintiff is entitled to an accounting as to the sum of $25,000 and the income thereon, with interest from January 11, 1931." By a later provision of the judgment we directed " that upon the judicial settlement of said account final judgment be entered herein directing and requiring the defendant I. Townsend Burden to pay the plaintiff the balance of said trust fund found due upon said accounting." The amount which it was intended should be paid by appellant to respondent was the income that had accrued. We recognize the lack of clarity in our decision to disclose that intent, but such procedure would inferentially follow the earlier part of the judgment. Upon the hearing in connection with the accounting which we directed in our earlier decision we expected the Special Term would under general provisions of law decide whether a successor to appellant should be named as trustee, and if a successor was named it would follow that an order and judgment should be entered directing appellant to pay the corpus of the trust to the new trustee.

The judgment appealed from should be modified by striking therefrom the portion earlier quoted in this opinion and substituting therefor the paragraph directed by the decision that follows this opinion. The judgment as so modified should be affirmed, without costs. The matter of the appointment of a successor trustee and the payment of the corpus of the trust to the person selected may be taken up by the Special Term upon the application of any interested party.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur; HEFFERNAN, J., dissents and votes to reverse the judgment appealed from, and to dismiss the complaint, for the reasons stated in his opinion on the former appeal (240 App. Div. 43, 49), and on the further ground that under the former decision of this court the matter was remitted to Special Term for an accounting and there has been no compliance with that determination.

Judgment modified by striking therefrom the following provision: " And it is further adjudged that the defendant I. Townsend Burden, be and he hereby is, directed and required to pay to the plaintiff the amount of said trust fund now in his possession and found due to plaintiff upon the accounting herein, namely, the sum of Twenty-nine Thousand Two Hundred Seventy-five Dollars, within ten days after the entry of this judgment and service of a copy thereof upon the defendant's attorney, with notice of entry; " and by substituting in place thereof, " It is further adjudged that the defendant, I. Townsend Burden, be and he hereby is directed and required to pay to the plaintiff the interest which has accrued upon said trust fund now in his possession and found due to plaintiff upon the accounting herein, namely, the sum of $4,275, within ten days after the entry of this judgment, and service of a copy thereof upon the defendant's attorney, with notice of entry." And the judgment appealed from is further modified by inserting therein the following provision: " That said defendant I. Townsend Burden, as trustee, is further chargeable with the corpus of said trust fund, the sum of $25,000." The judgment as so modified is affirmed, without costs. The order appealed from is affirmed, without costs.